OPINION OF THE COURT — by the
He®. J. CHILD.
APPEAL FROM THE CIRCUIT COURT OF ADAMS COUNTY.
This action was originally commenced before a Justice of the Peace in said county, founded on an account for professional services, as attorney and counsellor at law — amount fifty dollars — where an appeal was taken from the judgment of the Justice to the said circuit court. On such appeals by the laws of this state, R. O. p. S. The trial before the appellate court is de novo upon the merits, without regard to the proceedings before the magistrate; and either party can avail himself of any matter of pleading or evidence, although the same were not pleaded, or otherwise insisted on in the court below.
The record before us, from the circuit court, contains a declaration in the usual form, with two pleas in bar — non assumpsit, and payment with replications, issues thereon. There is also a bill of exceptions, which is made part of the record; by which it will appear that the case turned upon a question to the jurisdiction of the magistrate; and which was available in the circuit court, although it had not been pleaded, or otherwise insisted on before the justice; upon the ground that the circuit court could derive no jurisdiction, by appeal, from a justice, who himself was acting comm nonjudice, and without authority.
This little matter has been a vexed question in our courts, since the formation of our state government; both as it regards the jurisdiction of a justice of the peace, and the manner of taking advantage of it, in cases where the plaintiff’s demand exceeded 50 dollars and the plaintiff had given a false credit, or divided his claim for the purpose of reducing it within ¡the jurisdiction of a magistrate.
1 am well aware that where a court of special and limited jurisdiction *299 is created by statute, unless enough appears upon the face of the record to give jurisdiction, it would be bad upon demurrur for such a defect, or perhaps the court itself jealous of its own powers, would ex officio take notice of the same and dismiss the causo. 1 Chitty 428; 1 East 252. But where the matter is dehors the record, I am inclined to the opinion that it may be pleaded or given in evidence on the trial. Perhaps it would be well in this place to settle how far, a party plaintiff will be permitted to divide his claim, for the purpose of bringing several actions before a magistrate, in cases where the entire demand consists of causes of action which might be joined, in one suit in the circuit court, amounting to a sum greater than the limit of a magistrate’s jurisdiction. I am clearly of opinion thata running account with a merchant, mechanic, doctor, lawyer, or other person, cannot be so divided; although the price of each article should be agreed upon by the parties; because the whole might be considered as one entire transaction and indivisible: tiie same rule also applies, for the same reasons, where a great number of small notes are given for one single purchaser or consideration, due at (he time of bringing the first suit. But, incases where there is no general dealing; no account ®f items between the parties; and two or more separate distinct and several express contracts exist, clearly ascertaining the sum due, and for different' and several considerations; each for a less sum than fifty dollars, and «extending, in the whole, to a greater amount or sum total; and all due at the time of the commencement of the first suit, — I am unable to discern •either law or reason to shew that the plaintiff cannot proceed, before a •magistrate, on several actions for each; or that a recovery and pajunent in one should be a bar to the others. Starkie evidence 1, 200.
As it does appear, from the record, that there was an account for professional services claimed by the plaintiff below, agaipst the defendant, existing at the time of the commencement ofthis suit for a greater amount than fifty dollars; and as nothing appears to exempt it from the operation of the rule herein before expressed, I am of opinion that the court below ought to have instructed the jury as in case of a non suit and entered in judgment accordingly, leaving tho party to commenc dc novo before the tribunal possessing jurisdiction.
Judgment reversed and non-suit directed.